UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEEGAN VALENTICH and PENNY VALENTICH,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 2:14-cv-01902-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Keegan Valentich ("Keegan") and Penny Valentich ("Penny") jointly filed this suit against the United States ("Defendant") alleging negligence on the part of a Lassen National Forest Service Employee during a vehicle accident on a Forest Service road.  The accident injured Keegan and totaled Penny's dirt bike.  Penny seeks to recover for the damage to her dirt bike while Keegan requests compensation for his medical bills and the pain and suffering he endured as a result of the accident.  Presently before the Court is Defendant's motion for summary judgment and for partial summary judgment (ECF No. 15).  Defendant's motion seeks summary judgment on Penny's claim and also seeks to limit Keegan's ability to recover non-economic damages.  For the following reasons, Defendant's motion is GRANTED in its entirety.

///

# BACKGROUND[1]

This suit arises from a motor vehicle accident between Keegan and a Forest Service employee, Shannon Williams ("Williams"), on June 6, 2012. Keegan was driving a dirt bike on Service Road 43N26 ("Road") in Lassen National Forest, near Susanville. As he traveled around a curve, he collided head-on with Williams' pick-up truck, suffering injuries to his wrist and knee. The dirt bike, owned by Penny, was totaled.

The Road is made of gravel and is narrow with sharp curves. Neither Williams, a Service employee for over 20 years, nor Keegan, a frequent dirt bike rider, had time to avoid the collision. Although the Road may be used by the public, it is only open to motor vehicles "licensed under state law for general operation on all public roads within the state." ECF No. 15-4 at ¶ 3, Exh. 1 (containing the "Motor Vehicle Use Map" for Lassen National Forest). Individuals operating motor vehicles on the Road must abide by "State traffic law, including State requirements for licensing, registration, and operation of the vehicle." Id.

Plaintiffs filed this suit against the United States alleging that Williams negligently drove the Service vehicle on the Road when the accident occurred. Besides payment for medical bills, Keegan seeks non-economic compensation for pain and suffering in the amount of $600,000. He has never had a license to operate a motorcycle in California, and the dirt bike was uninsured at the time of the accident. Moreover, a post-accident police report recommended that Keegan be charged with driving without a license and without insurance. Id. at ¶ 4, Exh. 2, at 10:10–22.

Penny seeks to recover for the value of the dirt bike, which was totaled in the accident. On December 23, 2014, Defendant submitted interrogatories to Penny. The fourth interrogatory read: "State all facts on which you base your claim that Williams negligently operated his vehicle by failing to be attentive to his driving and by failure to

---

[1] Unless otherwise noted, the following facts are from Plaintiff's Complaint (ECF No. 1) and Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Partial Summary Judgment (ECF No. 17).

maintain a safe speed for this curvy mountain road." ECF No. 15-3 at ¶ 3, Exh. B, at 2:14–17.  Plaintiff Penny answered, "I do not claim that Mr. Williams was negligent and I do not believe my son was negligent." Id. at 2:18–19.  Penny never amended this response, and discovery closed on October 16, 2015.  ECF No. 8.

## STANDARD

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. Celotex, 477 U.S. at 325.

Rule 56 also allows a court to grant summary judgment on part of a claim or defense, known as partial summary judgment. See Fed. R. Civ. P. 56(a) ("A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995).  The standard that applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment. See Fed. R. Civ. P. 56(a); State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 780 (9th Cir. 1998) (applying summary judgment standard to motion for summary adjudication).

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith

///

Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by

> citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at

4

255.  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

In its motion for summary judgment against Penny, Defendant argues that Penny's undisputed interrogatory response disproves an essential element of her claim for negligence.  Defendant further argues that because Keegan failed to comply with California's financial responsibility laws, he cannot recover non-economic damages.  In response, Penny contends that a genuine issue of material fact exists because Williams admitted responsibility for the accident in his deposition.  Moreover, Keegan alleges that state law did not require him to have insurance on his dirt bike.

**A. Penny's Negligence Claim**

To succeed in her claim for negligence, Penny must demonstrate that Williams breached his duty to exercise reasonable care while driving the pick-up truck when the accident occurred.  See Corales v. Bennett, 567 F.3d 554, 572 (9th Cir. 2009) (citing Mcgarry v. Sax, 70 Cal. Rptr. 3d 519 (Cal. Ct. App. 2008)) (internal quotations omitted).

Interrogatory responses are admissible for summary judgment purposes.  See Fed. R. Civ. P. 56(c)(1)(a).  Other courts have granted summary judgment where the plaintiff conceded that there was no basis for an essential element of his claim.  See e.g., Sedell v. Wells Fargo of California Ins. Servs., Inc., 2012 WL 3017541, at *5 (N.D. Cal. July 23, 2012) (holding that summary judgment as to one of plaintiff's claims was appropriate "[b]ecause plaintiff concedes that he cannot establish an essential element of this claim"); Bradley v. Allstate ins. Co., 620 F.3d 509, 527 (5th Cir. 2010) (holding that because plaintiff failed to advance evidence rebutting motion for summary judgment alongside a "concession in their interrogatory response," the district court did not err in

granting defendant's motion for summary judgment); <u>Loeza v. JP Morgan Chase Bank NA</u>, 2014 WL 4912730, at *5 (S.D. Cal. Sept. 30, 2014) (stating that a dismissal of plaintiffs' claim with prejudice was proper because in an interrogatory response "[p]laintiffs concede that they have no basis for this claim").

In her response to "Interrogatory Number 4," Penny avers that Williams was not negligent during the accident. In other words, Penny admits that Williams did not breach his duty of care. <u>See</u> <u>Corales</u>, 567 f.3d at 572. Plaintiff signed the answers and has never amended the response to interrogatory number four. Broderick Decl. at ¶ 3, Exh. B, at 3:14. Her concession is accepted as the truth, and thus, no genuine dispute of material fact exists on the question of breach.[2] <u>See</u> <u>Matsushita</u>, 475 U.S. at 586-87. Accordingly, Penny's negligence claim against the United States is dismissed. <u>See</u> <u>Celotex</u>, 477 U.S. at 323.

**B. Keegan's Claim for Non-Economic Damages**

California Vehicle Code § 16020 states that "[a]ll drivers and all owners of a motor vehicle shall at all times" maintain insurance coverage for the purpose of establishing financial responsibility. <u>See</u> § 16021. In 1996, California passed Proposition 213, commonly referred to as the "Limitations on Recovery to Felons, Uninsured Motorists, and Drunk Drivers Initiative." Codified as California Civil Code § 3333.4, it states:

> (a) Except as provided in subdivision (c), in any action to recover damages arising out of the operation or use of a motor vehicle, <u>a person shall not recover non-economic losses</u> to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages <u>if any of the following applies</u>:
>
> (1) The injured person was at the time of the accident operating the vehicle in violation of Section 23152 or 23153 of the Vehicle Code, and was convicted of that offense.

---

[2] This conclusion is buttressed by the fact that Plaintiffs do not even contest the validity of the interrogatory response or seek to correct it in their Opposition. Rather, they point to Williams' vague statements during a deposition that were objected to by opposing counsel and were self-corrected by Williams later in the same deposition.

>        (2) The injured person was the owner of a vehicle involved in
>        the accident and the vehicle was not insured as required by
>        the financial responsibility laws of this state.
>
>        (3) <u>The injured person was the operator of a vehicle</u> involved
>        in the accident <u>and the operator can not establish his or her
>        financial responsibility</u> as required by the financial
>        responsibility laws of this state.

(emphasis added).  Therefore, if the driver of a motor vehicle is uninsured and involved in an accident, he cannot recover non-economic damages.  See id.; Veh. Code § 16020.

   Section 3333.4 is a remedial statute and must be interpreted "broadly to affect its purposes."  Chude v. Jack in the Box Inc., 109 Cal. Rptr. 3d 773, 779 (Cal. Ct. App. 2010) (citing Cabral v. Los Angeles County Metro. Transp. Auth., 78 Cal. Rptr. 2d 385, 388-89 (Cal. Ct. App. 1998)).  Sub-section 3333.4(a)(3)'s purpose is to "limit automobile insurance claims by uninsured motorists so that such persons who contribute nothing to the insurance pool, would be restricted in what they receive."  Garcia v. Superior Court, 39 Cal. Rptr. 2d 392, 352–53 (Cal. Ct. App. 2006) (citing Hodges v. Superior Court, 86 Cal. Rptr. 2d 884, 888–89 (Cal. 1999)).

   Keegan points to Vehicle Code section 4000.37 to support his claim that his dirt bike is not required to be insured to recover under Civil Code section 3333.4.  Pl.'s Opp'n to Def.'s Mot. for Summ. J at 2:11–12 (herein Pl.'s Opp'n).  But section 4000.37 lists how individuals prove insurance coverage in order to register their motor vehicle.  While Keegan concedes his lack of insurance, Pl.'s Opp'n at 5:12–13, he nonetheless argues that because the dirt bike was uninsured yet had valid registration, insurance on it was not required for the purpose of recovering non-economic damages under section 3333.4.  Pl.'s Opp'n at 5:14.

   In section 3333.4, the phrase "a motor vehicle" includes all motor vehicles, without distinguishing between those used off-road, on city streets, or on the highway.  Under state law, "[a] 'motorcycle' is a motor vehicle having a seat or saddle for the use of the rider, designed to travel on not more than three wheels in contact with the ground."
///

Veh. Code §400(a).  Dirt bikes are also motor vehicles.  See Pub. Employees Ins. Co. v. Mitchell, 219 Cal. Rptr. 129, 131 (Cal. Ct. App. 1985).

Although Vehicle Code section 4000.37 and Civil Code section 3333.4 both require insurance on motor vehicles, the two statutes are distinct.  Nothing in section 4000.37 discusses an insurance exception for dirt bikes, or other off-road vehicles, to renew registration.  Even assuming it did, however, nothing implies an exception would carry over to any other provision, let alone section 3333.4.[3]  The two codes serve two different purposes, and thus, section 4000.37 does not apply in the manner in which Plaintiff Keegan alleges.[4]

This is a simple issue: Keegan was riding an uninsured dirt bike when the accident occurred.  Thus, he may "not recover non-economic losses to compensate for pain, suffering, inconvenience, physical impairment, disfigurement, and other nonpecuniary damages." § 3333.4(a).  Defendant's Motion is therefore GRANTED.

///
///
///
///
///
///
///
///
///

---

[3] Furthermore, Plaintiffs only present evidence demonstrating the dirt bike was registered in 2014, not in 2012 when the accident occurred.

[4] Keegan further and unsuccessfully argues the Road had "no signs giving notice that there were restrictions for using that road." Pl.'s Opp'n at 5:15–16. Nonetheless, federal regulations explicitly stated on the "Motor Vehicle Use Map" for Lassen National Forest require individuals to "comply" with state laws and regulations regarding motor vehicles. Decl. of Mathew Boisseau at ¶ 3, Exh. 1.  In fact, driving a motor vehicle on the Road "carries a greater responsibility than operating that vehicle in a city or other developed setting." And Keegan admits to noticing other vehicles on the Road and understood that, while riding his dirt bike, he would share the Road with other vehicles. Pl.'s Opp'n, Dkt. No. 17-3, Exh. B, 13:15.

**CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF. No. 15) is GRANTED in its entirety. Plaintiff Penny Valentich's Cause of Action is DISMISSED without leave to amend.

IT IS SO ORDERED.

Dated: July 7, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE